Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8658 | **DATE** | 11/28/2012 |
| **CASE TITLE** | Williams vs. Arden Courts | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Williams's Motion to Proceed *In Forma Pauperis* is granted. Williams's Motion for Appointment of Counsel is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On October 29, 2012, Plaintiff Michelle R. Williams ("Williams") filed a Complaint with this Court and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. For the reasons stated below, Williams's Motion to Proceed *In Forma Pauperis* is granted. Williams's Motion for Appointment of Counsel is denied.

Williams's Complaint alleges that Defendant Arden Courts ("Arden"), Williams's former employer, discriminated against her based on her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*, and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* and 42 U.S.C. § 1981. Williams alleges she began her employment at Arden on or about April 29, 2009. (Dkt. No. 1, p. 7.) Williams's most recent position at Arden was Administrative Services Assistant. (*Id.*) Williams alleges Arden discriminated against her based on her age (46) and race (Black) when it decided not to promote her to the position of Nursing Home Administrator in Training, and decided instead to promote a younger White intern that was underqualified for the position. (Dkt. No. 1, p. 5.) Williams asks the Court to find that she is entitled to injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs including reasonable attorney fees and expert witness fees, and any other relief the Court finds appropriate.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Williams to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Williams need not be penniless to proceed *in forma*

# STATEMENT

*pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See Id.* According to her financial affidavit, Williams is not currently employed. Williams's most recent employment began October 24, 2010 and ended June 8, 2012. She earned $1300 per month at that employment. Williams owns a residential home valued at $68,000, and a 2000 Chevy Tracker valued at $3,500. She is in the process of a loan modification and does not make any monthly mortgage or loan payments on her home, but makes monthly payments of $183 for her vehicle loan. Williams does not own any additional items of personal property worth over $1,000, nor does she have more than $200 in cash in a checking or savings account. Williams has received monthly unemployment benefits of $1,200, but does not indicate in her financial affidavit how long she has been receiving those benefits. Williams currently lives with her 17-year-old son, who is dependent upon her for support. Based on these facts, Williams's financial affidavit sets forth her inability to pay the mandated court fees.

A plaintiff may file a lawsuit under the ADEA only after first filing a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *Flannery v. Recording Indus. Ass'n of America*, 354 F. 3d 632, 637 (7th Cir. 2004) (citing *Hamilton v. Komatsu Dresser Indus.*, 964 F.2d 600, 603 (7th Cir. 1992)). The same rule applies to claims brought under Title VII. 42 U.S.C. § 2000e-5(e)(1); *see also Moore v. Vital Products, Inc.*, 641 F. 3d 253, 256 (7th Cir. 2011); *Chaudhry v. Nucor Steel-Indiana*, 546 F. 3d 832, 836 (7th Cir. 2008). "Any complaint of conduct that occurred more than 300 days before the relevant EEOC charge is time-barred." *Moore*, 641 F. 3d at 256 (citing *Chaudhry*, 546 F. 3d at 836–37). In this case, Williams filed her charge with the EEOC on January 27, 2012. Therefore, the 300-day limitation excludes any acts that occurred before April 2, 2011. According to Williams's Complaint, Arden discriminated against her "on or about, *or beginning* on or about" February 11, 2011. (Dkt. No. 1, p. 2) (emphasis added). From this language, the Court reasonably construes Williams's Complaint to allege discriminatory acts occurring after April 2, 2011. This inference is supported by the fact that Williams's EEOC charge, which is attached to her Complaint, states the latest discrimination took place on May 1, 2011, safely within the 300-day window. Accordingly, the Court finds that Williams timely filed her discrimination charge with the EEOC.

Title VII and the ADEA also require plaintiffs to obtain a right-to-sue letter from the EEOC before filing a federal lawsuit. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). *See also Conner v. Illinois Dept. of Natural Resources*, 413 F. 3d 675, 680 (7th Cir. 2005); *Sauzek v. Exxon Coal USA, Inc.*, 202 F. 3d 913, 920 (7th Cir. 2000) (citing *Cheek v. Western and Southern Life Ins. Co.*, 31 F. 3d 497, 500 (7th Cir. 1994)). This rule is designed to give the employer "some warning of the conduct about which the employee is aggrieved, and it affords the [EEOC] and the employer an opportunity to attempt conciliation without resort to the courts." *Sauzek*, 202 F. 3d at 920 (quoting *Rush v. McDonald's Corp.*, 966 F. 2d 1104, 1110 (7th Cir. 1992)). Williams alleges in her Complaint that she received a right-to-sue letter from the EEOC on August 1, 2012. She has also attached a copy of the letter to her

| STATEMENT |
|---|

Complaint.

Once Williams received her right-to-sue letter from the EEOC, she had 90 days to file her lawsuit in federal court. 42 U.S.C. § 2000(e)-5(f)(1); 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a); *see also Threadgill v. Moore U.S.A., Inc.*, 269 F. 3d 848 (7th Cir. 2001) (Title VII); *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999) (ADEA). As Williams alleges receiving her right-to-sue letter on August 1, 2012, her lawsuit filed in federal court on October 29, 2012 is timely. Accordingly, the Court finds that Williams has sufficiently pled exhaustion of administrative remedies.

Williams's EEOC charge and complaint in federal court must also "describe the same conduct and implicate the same individuals." *Dear v. Shinseki*, 578 F. 3d 605, 609 (7th Cir. 2009) (quoting *Ezell v. Potter*, 400 F. 3d 1041, 1046 (7th Cir. 2005)). That is the case here. Though Williams does not refer to any specific individuals in her EEOC Charge, she alleges in the charge that she was not selected for a promotion at Arden based on her age and race. The facts alleged in Williams's Complaint are essentially identical.

Next, Williams's Complaint alleges facts that, if accepted as true, plausibly state a claim to relief under the ADA and ADEA. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Williams alleges she was employed by Arden, that she was passed over for a promotion, and that Arden promoted a young White intern who was not qualified for the position. Assuming, as the Court must, that these allegations are true, Williams states a plausible claim to relief under the ADEA, which makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" based on age, 29 U.S.C. § 623(a)(1), and under Title VII, which prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment" based on race. 42 U.S.C. § 2000e-2(a)(1). Claims against employers for a failure to promote are cognizable under both Title VII and the ADEA. *See, e.g., Stinnett v. City of Chicago*, 630 F 3d 645, 646 (7th Cir. 2011) (Title VII); *Kuhn v. Ball State University*, 78 F 3d 330 (7th Cir. 1996) (ADEA).

For the reasons stated, Williams's financial affidavit establishes a necessary level of impoverishment setting forth her inability to pay the mandated court fees and her causes of action for age and race discrimination are properly before the Court. Accordingly, Williams's Motion to Proceed *In Forma Pauperis* is granted.

Also before the Court is Williams's Motion for Appointment of Counsel. Williams does not have an absolute right to court-appointed counsel in her civil suit. *Romanelli v. Suliene*, 615 F. 3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F. 3d 647, 655 (7th Cir. 2007) (en banc)). *See also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." In determining whether to make such a request, the Court must consider: (1) whether Williams has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so,

| STATEMENT |
|---|

(2) given the difficulty of the case, whether Williams appears competent to litigate the case herself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F. 2d 319, 321–22 (7th Cir. 1993)).

The Court concludes that appointment of counsel is not warranted in this case because Williams has not demonstrated reasonable attempts to obtain counsel before seeking the Court's assistance. Williams states in her Motion that she contacted one attorney, Sheribel Rothenberg, who informed Williams she would not be available to represent her in this case. Williams does not indicate that she has sought help from the various legal clinics throughout the city that seek to assist individuals with employment-related claims. This level of effort is insufficient to compel the Court to request a court-appointed attorney. *Compare Sperow v. Shah*, No. 12-cv-851-GPM, 2012 WL 3996841, at *1 (S.D. Ill. Sep. 12, 2012) (finding plaintiff's "minimal effort" of contacting one law firm in an effort to obtain counsel insufficient), *and Romanelli v. Suliene*, No. 07-C-19-C, 2008 WL 4681778, at *1 (W.D. Wis. Mar. 23, 2007) ("To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he asked to represent him in this case and who turned him down.") *aff'd* 615 F.3d 847, 852 (7th Cir. 2010), *with Lavin v. Hulick*, No. 09-cv-0477-MJR-SCW, 2011 WL 588760, at *2 (S.D. Ill. Feb. 10, 2011) (finding Motion for Appointment of Counsel with five letters from attorneys and legal clinics declining representation sufficient to demonstrate plaintiff's reasonable attempts to obtain counsel).

As Williams has not shown reasonable attempts to obtain counsel, the Court does not address at this stage in the proceedings whether Williams appears competent to litigate the case herself. Williams's Motion for Appointment of Counsel is denied. Should Williams demonstrate reasonable but unsuccessful efforts to obtain counsel, the Court may revisit this request.

For the reasons stated, Williams's Motion to Proceed *In Forma Pauperis* is granted. Williams's Motion for Appointment of Counsel is denied.